# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 97-11169
(Summary Calendar)

_____

CYNTHIA COLLINGTON,

Plaintiff-Counter Defendant-Appellant,

versus

SEA-LAND SERVICE, INC.,

Defendant-Counter Plaintiff-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
Dallas Division
(96-CV-135)

_____

September 1, 1998

Before Judges JOLLY, SMITH and WIENER, Circuit Judges.

Per Curiam[*]

In this appeal from the dismissal of her employment discrimination suit, asserted under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, Plaintiff-

Appellant Cynthia Collington asks us to reverse the district court's grant of summary judgment in

favor of Defendant-Appellee Sea-Land Service, Inc. Collington complains that the district court

erred in concluding that she failed to exhaust administrative remedies and that some of the earlier

incidents alleged by Collington to have been discriminatory acts do not constitute a continuing

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation and are therefore time barred. Collington also asserts that the district court erred in finding her summary judgment evidence insufficient to meet her burden of proof that Sea-Land's proffered reason for its promotion decision was in fact a pretext for racial discrimination.

We have carefully considered the Memorandum Opinion and Order of the district court in light of the facts revealed by the summary judgment record and the legal arguments set forth in counsels' appellate briefs.[1] Our <u>de novo</u> review of the district court's grant of summary judgment dismissing Collington's Title VII and § 1981 claims against Defendant-Appellee leads us to the same conclusions as those reached by the district court —— and for essentially the same reasons as those expressed in that court's comprehensive opinion. Consequently, no useful purpose would be served by our writing separately, as doing so would merely constitute a waste of judicial resources. Instead, we adopt the opinion of the district court <u>in toto</u>, and affirm the judgment of the district court in all respects.

AFFIRMED.

---

[1] In response to our directive, the parties briefed the issue whether the district court's orders dismissing plaintiff's complaint against Sea-Land and granting the parties' joint motion for issuance of final judgment with respect to plaintiff's claims, are appealable in the absence of certification pursuant to Rule 54(b), Fed. R. Civ. P. After considering the parties' responses to this directive and reviewing the district court's order granting final judgment on plaintiff's claims and staying proceedings on defendant's counterclaims, we are satisfied that, despite the absence of an express Rule 54(b) certification, the court intended to enter a final determination of plaintiff's rights. <u>See</u> <u>Kelly v. Lee's Old Fashioned Hamburgers, Inc.</u>, 908 F.2d 1218, 1220 (5th Cir. 1990). Consequently, we find that the district court's ruling on plaintiff's demands was an appealable partial final order.